---

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

**0** Valuation of Security  **3** Assumption of Executory Contract or Unexpired Lease  **1** Lien Avoidance

---

**Last Revised December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                                      Case No. **2:18-bk-20204**
                                                                                             Judge **JKS**
**Piao Costa, Zelmir Ines**
                                   Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

**[X]** Original            **[ ]** Modified/Notice Required         Date: **June 12, 2018**

**[X]** Motions Included    **[ ]** Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

**[ X ]** DOES **[ ]** DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

**[X]** DOES **[ ]** DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

**[ ]** DOES **[X]** DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **SDP**         Initial Debtor: **ZIP**         Initial Co-Debtor:

**Part 1: Payment and Length of Plan**

a.  The debtor shall pay $ **1,516.00** per **month** to the Chapter 13 Trustee, starting on **June 1, 2018** for approximately **60** months.

b.  The Debtor shall make plan payments to the Trustee from the following sources:
    **[X]** Future Earnings
    [ ] Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:
    [ ] Sale of real property
        Description:
        Proposed date for completion: _____

    [ ] Refinance of real property
        Description:
        Proposed date for completion: _____

    [ ] Loan modification with respect to mortgage encumbering property
        Description:
        Proposed date for completion: _____

d.  [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  **[X]** Other information that may be important relating to the payment and length of plan: **Debtor is paying back arrears with interest and making regular monthly post petition mortgage payments but will also be seeking loan modification options outside of the Bankruptcy Case.**

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Newark Dept. Of Finance** | **Taxes** | **41,000.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X]** None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

2

**a. Curing Default and Maintaining Payments on Principal Residence: [ ]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Assets Recovery Center Investments, LLC/Sortis Financial** | **428 South 9th Street** | **28,700.00** | **8.37%** | **38,734.34** | **3,200.00** |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **None** | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **Rushmore Loan Manageme** | **428 South 9th Street, Newark, NJ 07103** | **$89,200.00** | **$320,000.00** | **$359,442.12** | **NO VALUE** | **9%** | **Pro Rata Share As Per Unsecured Claim** |

3

| nt | | | | | | |
|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

    **e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **None** | | | |

    **f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
**None**

    **g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

## Part 5: Unsecured Claims [ ] NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

    ___ Not less than $ _____ to be distributed *pro rata*
    ___ Not less than _____ percent
    **X** *Pro Rata* distribution from any remaining funds

    b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 6: Executory Contracts and Unexpired Leases [ ] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **Jestina Moore & Vaney Moore** | 0.00 | **Tenants of Debtor** | **Assume** | 0.00 |
| **Jhonathan Ozuna & Genesis** | 0.00 | **Tenants of the Debtor** | **Assume** | 0.00 |

4

| | | | | |
|---|---|---|---|---|
| Taveras Samantha Jones | 0.00 | Tenant of the Debtor | Assume | 0.00 |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   **a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). [X] NONE**
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

   **b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured. [ ] NONE**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **Rushmore Loan Management Services** | 428 S. 9th Street Newark, NJ 07103 | $89,200.00 | $320,000.00 | $359,442.12 | NO Value | $89,200.00 |

   **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. [X] NONE**

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **None** | | | | | |

## Part 8: Other Plan Provisions

   **a. Vesting of Property of the Estate**

   **X**  Upon Confirmation
   ___ Upon Discharge

   **b. Payment Notices**

   Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

5

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Priority Claims**
4) **Secured Claims**
5) **Lease Arrearages**
6) **General Unsecured Claims**

**d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [ ] NONE**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[ ]** Yes  **[X]** No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

**[ ]** NONE
**[X]** Explain here: Debtor is looking to Strip Off 2nd Mortgage Lien Based On It Being Completely Unsecured. Loan Modification Request Will Be Requested Outside Of Bankruptcy.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 6/12/18          */s/ Steven D. Pertuz*
                       Attorney for the Debtor

Date: 6/12/18          */s/ Zelmir Ines Piao Costa*
                       Debtor

Date:                  _____
                       Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.
Date: 6/12/18          */s/ Steven D. Pertuz*

        Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 6/12/18           ***/s/ Zelmir Ines Piao Costa***
        Debtor

Date:
        Joint Debtor

7

United States Bankruptcy Court
District of New Jersey

In re:
Zelmir Ines Piao Costa
    Debtor

Case No. 18-20204-JKS
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 2    Date Rcvd: Jun 13, 2018
                Form ID: pdf901    Total Noticed: 28

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 15, 2018.

```
db             +Zelmir Ines Piao Costa,    428 South 9th Street,    Newark, NJ 07103-2042
517542185      +Alllied Interstate,    P.O. Box 361535,    Columbus, OH 43236-1535
517542186      +Apothaker & Assoc., P.C.,    520 Fellowship Road,    Mount Laurel, NJ 08054-3410
517542187       Arrow Financial Services,    5966 W. Touhy Ave.,    Niles, IL  60714
517542188      +Assets Recovery Center Investments, LLC,    P.O. Box 864446,    Orlando, FL 32886-4446
517542191      +CBCS,   P.O. Box 163250,    Columbus, OH 43216-3250
517542190       Capital One Bank,    PO Box 21887,    Eagan, MN 55121-0887
517542192      +Clear Spring Loan Services,    18451 Dallas Pkwy Ste 100,    Dallas, TX 75287-5209
517542194      +ER Solutions,    P.O. Box 9004,    Renton, WA 98057-9004
517542196      +HSBC Bank,    P.O. Box 98706,    Las Vegas, NV 89193-8706
517542197      +KCA Financial Services,    P.O. Box 53,    Geneva, IL 60134-0053
517542199      +Midland Funding LLC,    7 Entin Road C/O Pressler & Pressler,    Parsippany, NJ 07054-5020
517542200       Newark Dept. Of Finance,    920 Broad St Ste 104,    Newark, NJ 07102-2609
517542201      +P. Scott Lowery, P.C.,    4500 Cherry Creek Drive South, Suite 700,    Denver, CO 80246-1534
517542203       RJM Acquisitions, LLC,    P.O. Box 18006,    Hauppauge, NY  11788
517542202      +Revenue Recovery Corp.,    612 Gay Street,    Knoxville, TN 37902-1603
517542204       Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA  92619-2708
517542205      +Saint James Hospital,    P.O. Box 15092,    Newark, NJ 07192-5092
517542206      +Solomon & Solomon,    P.O. Box 15019,    Albany, NY 12212-5019
517542207      +Sunrise Credit Services,    P.O. Box 9100,    Farmingdale, NY 11735-9100
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jun 13 2018 23:08:44      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 13 2018 23:08:39      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517542189      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 13 2018 23:13:05      CACH, LLC,
                 370 17th Street, Suite 5000,    Denver, CO 80202-5616
517542193      +E-mail/Text: bankruptcynotices@dcicollect.com Jun 13 2018 23:09:13      Diversified Consultants,
                 P.O. Box 551268,    Jacksonville, FL 32255-1268
517542195      +E-mail/Text: fggbanko@fgny.com Jun 13 2018 23:07:46      Foster Garbus & Garbus,    7 Banta Place,
                 Hackensack, NJ 07601-5604
517542198      +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 13 2018 23:13:04      LVNV Funding,
                 P.O. Box 10497,    Greenville, SC 29603-0497
517566626      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jun 13 2018 23:14:17      T Mobile/T-Mobile USA Inc,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517542209      +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Jun 13 2018 23:07:39
                 Verizon,    P.O. Box 4830,    Trenton, NJ 08650-4830
                                                                                              TOTAL: 8
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517542208     ##+Tate & Kirlin Assoc.,    2810 Southampton Road,    Philadelphia, PA 19154-1207
                                                                                 TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0312-2          User: admin               Page 2 of 2             Date Rcvd: Jun 13, 2018
                              Form ID: pdf901           Total Noticed: 28
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2018 at the address(es) listed below:
          Emmanuel J. Argentieri    on behalf of Creditor    GreenPoint Mortgage Funding, Inc. bk@rgalegal.com
          Marie-Ann Greenberg    magecf@magtrustee.com
          Steven D. Pertuz    on behalf of Debtor Zelmir Ines Piao Costa pertuzlaw@verizon.net,
 G16461@notify.cincompass.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                              TOTAL: 4